**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**DANNY BUTLER, #T6939**                                                                     **PETITIONER**

**VS.**                                             **CIVIL ACTION NO. 3:06CV275-WHB-JCS**

**LAWRENCE KELLY, WARDEN,**
**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                **RESPONDENT**

---

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This cause is before the undersigned on the Respondent's "Motion to Dismiss as Improper, or Alternatively, for Failure to State a Claim Upon Which Relief Can Be Granted or, Alternatively, for Lack of Merit," docket entry no. 9, filed August 21, 2006.  Butler has not filed a response to the motion or otherwise addressed the assertions regarding his case which are discussed in the motion.  The undersigned, having considered the motion, the memorandum and the record, concludes that it should be granted for the reasons that follow.

FACTS AND PROCEDURAL HISTORY

On June 24, 1998, Danny Butler entered a plea of guilty to grand larceny in Cause No. 6796 in the Circuit Court of Rankin County, Mississippi.  He was subsequently sentenced to serve a term of five (5) years in the custody of the Mississippi Department of Corrections, with said sentence suspended for completion of five (5) years of supervised probation.  **Exhibit A to Respondent's Motion to Dismiss.**[1]  By "Order of Partial Revocation of Probation" filed August 31, 1999, Butler's previous suspended sentence was revoked for a period of six months, with the

---

[1] All references to exhibits are those attached to Respondent's Motion to Dismiss Pursuant to § 2244(d), filed on August 21, 2006.

remainder of the unserved portion of the sentence suspended and petitioner being placed on probation upon completion of the six (6) months. **Exhibit B.** The court directed that if the defendant violated the conditions of his probation, the suspended sentence would be fully revoked and petitioner would be remanded to the custody of the MDOC to serve "that portion of the original sentence which has remained unsatisfied." **Exhibit B.**

By Order of Revocation filed November 19, 2003, Butler's probation was revoked, and Butler was remanded to the custody of the MDOC to complete his sentence in Cause No. 6796. **Exhibit D.** At the time of this revocation, November 19, 2003, Butler plead guilty to two additional charges of grand larceny, in Cause Nos. 15,352 and 15,361. **Exhibits E and F.** Butler was sentenced in both causes to serve terms of five (5) years for each crime, with the sentence in Cause No. 15,361 to run concurrently to the sentence imposed in Cause No. 15,352. The Order provided that these sentences were to run consecutively to the initial sentence in Cause No. 6796.

On June 1, 2004, Butler entered a guilty plea to the charge of felon in possession of a firearm in the United States District Court for the Southern District of Mississippi, Cause No. 3:03cr171-WHB-JCS. He was sentenced to serve a term of thirty-three (33) months, said sentence to run consecutively to the term of imprisonment in Cause No. 6796 in Rankin County Circuit Court and concurrently to the terms of imprisonment imposed in Cause Nos. 15,352 and 15,361 in that court. A detainer by the United States Marshal is lodged with the MDOC with respect to the firearms conviction.

On May 22, 2006, Butler filed his Petition for Habeas Corpus in this cause, alleging as his grounds for relief the following:

> Ground one. Being held in lock-down due to Federal detainer. On 6-1-04 I was sentenced in this court to 33 months but it was to run concurrently to my other charges. This eliminated any hold the state or federal courts should have had on me. I need this court to issue an Order to MDOC Records Dept. showing this so that they will take the detainer off my record and I can be housed in general population.

## DISCUSSION

In the motion to dismiss, the Respondent contends that the petition fails to state a claim upon which relief can be granted. The undersigned agrees. Butler does not challenge the Rankin County convictions and sentences; he only raises the claim that he is being held in "lockdown" due to the federal detainer. He contends that his federal sentence was concurrent to the state sentences, but the copies of the federal sentencing order that he attached clearly shows that his claim is inaccurate. The federal sentencing order provides as follows:

> This term of imprisonment shall run *consecutively* to the term of imprisonment imposed in Rankin County Mississippi, Circuit Court Cause Number 6796, but *concurrently* to the terms of imprisonment imposed in Cause Nos. 13,352 and 13,361.

Accordingly, the federal detainer is legitimately lodged on his MDOC record, and Butler's claims are without merit.

The Petitioner's only complaint is that he is being held in "lockdown" due to the federal detainer. He seeks to have this Court "issue an order to MDOC Records department showing [that his sentence in the federal court was to run concurrently to his other charges] so that they will take this detainer off my record and I can be housed in general population." **Petition for Writ of Habeas Corpus**, p. 5. He contends that he has been in lockdown for over a year because of the detainer and unable to have contact visits with his wife and children.

According to the Respondent, the MDOC confirmed that it has custody of Butler due to the Rankin County charges, and that there is a detainer lodged with MDOC for his federal charge by the United States Marshal. The Respondent contends that no MDOC officials have the authority to challenge or remove that federal detainer. Hence, the petition fails to state a claim upon which relief can be granted.

The undersigned finds that the Respondent's arguments are meritorious and that the Motion to Dismiss should be granted. A writ of habeas corpus is the appropriate forum for a prisoner challenging the fact or duration of his confinement who seeks an immediate or speedier release. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Prieser v. Rodriguez*, 411 U.S. 475 484 (1973). Attacks on the conditions of a prisoner's confinement, or unconstitutional prison procedures, must be pursued in an action under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dept. Of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (1994)). As the Respondent points out, the central difference between habeas corpus and a civil rights action hinges on whether the prisoner challenges the fact or duration of confinement as opposed to the "rules, customs, and procedures affecting 'conditions' of confinement." *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)(citations omitted).

In this case, Butler only challenges his custody arrangement, which is a result of the MDOC prisoner procedures and rules regarding the custody status of inmates. Yet, a prison inmate does not have a protectable liberty or property interest in his custodial classification; his disagreement with a classification is insufficient to establish a constitutional violation. *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992). A habeas corpus petition is not the proper vehicle to seek relief from MDOC rules, and the petition should be denied.

Even if this action had been filed as a § 1983 action, it should be dismissed. The sentencing order clearly shows that the federal sentence is consecutive to the initial conviction and concurrent to the latter convictions. Accordingly, the detainer was properly lodged, and no relief could be accorded under any theory of this case. Additionally, the Respondent has attached an affidavit from Ms. Leannette Jordan, Director of Classification for MDOC regarding Butler's custody status. **Exhibit G.** According to Ms. Jordan, Butler is a close custody inmate based on his poor scores generated by a recent serious RVR and for an escape. Regardless of the federal detainer, Butler would be a close custody inmate.

The federal court has no authority over the rules and regulations regarding classification which are promulgated by the State of Mississippi. For the reasons discussed herein, the petition filed by Butler should be dismissed.

## CONCLUSION

For all of these reasons, it is the opinion of the undersigned that this habeas petition lacks merit and fails to state a claim upon which relief may be granted. Accordingly, the Respondent's motion is meritorious and should be granted. It is, therefore, the recommendation of the undersigned United States Magistrate Judge that the Respondent's "Motion to Dismiss as Improper, or Alternatively, for Failure to State a Claim Upon Which Relief Can Be Granted or, Alternatively, for Lack of Merit," docket entry no. 9, filed August 21, 2006, be **granted** and that the Petition for Writ of Habeas Corpus filed by Danny Butler be dismissed with prejudice for failure to state a claim upon which relief may be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 9th day of November, 2006.

S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE